# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRAGAN TODOROVIC,<br><br>　　　　　　　　　Petitioner,<br>　vs.<br><br>PAUL M. PIERRE; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>　　　　　　　　　Respondents. | CASE NO. 10-CV-1538 JLS (JMA)<br><br>**ORDER: GRANTING RESPONDENTS' MOTION TO DISMISS**<br><br>(Doc. No. 4) |

Presently before the Court is Respondents' motion to dismiss Petitioner's petition for review of his application for naturalization. (Doc. No. 4.) Also before the Court are Petitioner's opposition and Respondents' reply. (Doc. Nos. 9 (Opp'n), 10 (Reply).) Having considered the parties' arguments and the law, the Court **GRANTS** Respondents' motion.

## BACKGROUND

Petitioner, a native of Yugoslavia and citizen of Serbia, entered the United States in 1997. (Doc. No. 1 (Pet.) ¶ 5.) In 2003, he became a lawful permanent resident. (*Id.*) On April 14, 2008, Petitioner filed a Form N-400 application for naturalization (application). (*Id.* ¶ 8.) On September 11, 2009, United States Citizenship and Immigration Services (USCIS) denied Petitioner's application on the ground that he failed to demonstrate good moral character. (*Id.* ¶ 9; *see* Pet. Ex. B, at 2.) Thereafter, Petitioner filed a timely Form N-336 request for an administrative review of USCIS'

decision denying his application. (Pet. Ex. A, at 1.) On April 22, 2010, USCIS upheld the decision denying Petitioner's application. (*Id.* at 2.) On May 26, 2010, the Department of Homeland Security placed Petitioner in removal proceedings. (Doc. No. 4-2 to 4-3 (Norris Decl.) Ex. A.) On July 27, 2010, Petitioner filed the instant petition for review of USCIS' decision denying his application. (*See* Pet.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained

in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## DISCUSSION

Respondents move the Court to dismiss Petitioner's petition under 8 U.S.C. § 1429 because Petitioner is currently in removal proceedings and, accordingly, the Court cannot grant him effective relief. (Doc. No. 4-1 (Mem. ISO MTD), at 3–5.) Petitioner, however, contends that the cases Respondents rely on in support of their motion are factually inapposite. (Opp'n 2–3.)

A person whose application for naturalization is denied "after a hearing before an immigration officer . . . may seek review of such denial before the United States district court for the district in which such person resides." 8 U.S.C. § 1421(c); *accord* 8 C.F.R. § 336.9(b). However, the Attorney General has "sole authority to naturalize persons as citizens of the United States." *Id.* § 1421(a). And under 8 U.S.C. § 1429, "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding." *See Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 933 (9th Cir. 2007) (noting that § 1429 limits Attorney General's authority under § 1421(a)).

Once USCIS places an alien in removal proceedings, § 1429 limits the scope of a district court's review under § 1421(c) and circumscribes the availability of effective remedies. *Zayed v. United States*, 368 F.3d 902, 906 (6th Cir. 2004); *see Bellajaro v. Schlitgen*, 378 F.3d 1042, 1046–47 (9th Cir. 2004) ("[W]here . . . the INS has denied an application for naturalization on the basis of § 1429 because removal proceedings are pending, the district courts have jurisdiction to review the denial *but the scope of review is limited to 'such' denial*."). While removal proceedings are pending, a district court cannot order the Attorney General to review the petitioner's application further, "as section 1429 expressly prohibits consideration of the application before removal proceedings are concluded." *Castaneda v. Holder*, 2009 WL 4282810, at *3 (N.D. Cal. Nov. 25, 2009); *accord Aye Aye Kyi v. Chertoff*, 2008 WL 5131619, at *3 (N.D. Cal. Dec. 5, 2008). And under § 1421(a), the district court "can neither naturalize [the] petitioner on its own authority nor usurp the authority

committed by Congress to the Attorney General by ordering the Attorney General to naturalize an alien without further review." *Id.* Accordingly, under § 1429 and § 1421(a), a district court cannot provide an alien with effective relief under § 1421(c) once the alien is in removal proceedings. *Id.*; *Aye Aye Kyi*, 2008 WL 5131619, at *3 ("[E]ven if the Court were to conduct a *de novo* review of the Service's decision to deny Plaintiff's application, and even if the Court were to determine that the decision was in error, the Court could not grant Plaintiff effective relief . . . ."); *see Bellajaro*, 378 F.3d at 1047 (declining to declare petitioner prima facie eligible for naturalization because to do so would be "purely advisory").

Here, the Court is powerless to grant Petitioner effective relief because USCIS has placed him in removal proceedings. Under § 1421(a), the Court cannot naturalize Petitioner on its own authority or order the Attorney General to naturalize Petitioner without further review. And under § 1429, the Court cannot order the Attorney General to reconsider Petitioner's application because § 1429 precludes the Attorney General from considering Petitioner's application while removal proceedings are pending. Accordingly, Petitioner's petition fails to state a claim upon which relief can be granted.

Petitioner attempts to distinguish *Bellajaro*, *Hernandez de Anderson*, and *Zayed* on the ground that, in those cases, USCIS denied the petitioners' applications for naturalization because removal proceedings were pending, whereas USCIS denied Petitioner's application here because he failed to demonstrate good moral character. (Opp'n 2–3.) However, it is not USCIS' reason for denying Petitioner's application that renders the Court unable to grant Petitioner effective relief. Rather, it is the fact that Petitioner is now in removal proceedings. Accordingly, the Court concludes that *Bellajaro* and its progeny control. *See Castaneda*, 2008 WL 4282810, at *1, 3 (following *Bellajaro* where USCIS denied petitioner's application for naturalization because she failed to demonstrate good moral character).

//
//
//
//
//

**CONCLUSION**

For the reasons stated, the Court **GRANTS** Plaintiff's motion to dismiss.

IT IS SO ORDERED.

DATED: December 20, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge